UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gregory Lynn McCoy,<br><br>          Plaintiff,<br><br>v.<br><br>Jeff Marshall, *Deputy*; Darrin Zastera, *Deputy*; and Hennepin County Sherriff Department, *all sued in their individual and official capacities*,<br><br>          Defendants. | Civ. No. 25-3686 (JWB/EMB)<br><br>**ORDER ACCEPTING<br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

United States Magistrate Judge Elsa M. Bullard issued a Report and Recommendation ("R&R") on November 13, 2025, recommending dismissal of this matter following preservice review under 28 U.S.C. § 1915A. (Doc. No. 9.) Plaintiff Gregory Lynn McCoy ("McCoy") filed timely objections to the R&R. (Doc. No. 10.) For the reasons below, McCoy's objections are overruled, and the R&R is accepted.

### DISCUSSION

**I.    Legal Standard**

Courts review de novo any objected-to portions of an R&R and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Any aspect of an R&R to which no specific objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because McCoy is pro se, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**II.   Analysis**

McCoy objects to the recommendation to dismiss Count One of his Complaint with prejudice. Count One is a claim under 42 U.S.C. § 1983 that Defendants violated the Fourth Amendment by illegally seizing, searching, and selling his vehicle based on a search by an allegedly undertrained police dog. (Doc. No. 1 at 4.) None of McCoy's arguments warrant rejecting the R&R.

First, McCoy contends the R&R wrongfully treated Count One as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). But the R&R does not find McCoy asserted a *Heck*-barred claim. Rather, it recognizes that McCoy is trying to avoid the bar and correctly notes that *Heck* would preclude an argument that there was no lawful basis to discover the gun that led to his conviction. (*See* Doc. No. 9 at 4 n.2.) The R&R does not find that McCoy made such an argument. Thus, McCoy's arguments for why Count One is not *Heck*-barred are irrelevant.

Second, McCoy contends that the R&R's dismissal analysis failed to account for additional forged warrant materials, the "fabricated nexus" between his residence and his vehicle, and false statements used to justify the search. But McCoy's objection does not offer more specifics about which other fraudulent materials or statements the R&R failed to consider. The Complaint only references falsehoods and fabrications relating to the training certification of the police dog whose search ultimately led officers to tow his vehicle and apply for a warrant to search it. There are no allegations that identify other fraudulent acts which McCoy could now be referencing in his objection.

Even if McCoy had been more detailed, he cannot amend his pleading simply by

2

objecting to the R&R. *See Lee v. Minn. Bureau of Crim. Apprehension*, Civ. No. 24-4259 (JWB/DJF), 2025 WL 408147, at *1 (D. Minn. Feb. 5, 2025). New theories, arguments, and claims cannot be raised for the first time in an R&R objection. *Smith v. Eischen*, Civ. No. 23-2866 (JMB/SGE), 2025 WL 732304, at *1 n.1 (D. Minn. Mar. 7, 2025) (citing *Ridenour v. Boehringer Ingelheim Pharms.*, 679 F.3d 1062, 1067 (8th Cir. 2012)).

As the R&R explains, McCoy's Fourth Amendment claim cannot succeed based on the dog-certification allegations due to issue preclusion. (Doc. No. 9 at 4–5.) The dog-certification issue was resolved against McCoy on two fronts. First, independent probable cause supported the vehicle search, which renders the certification irrelevant to the Fourth Amendment analysis. Second, the officers' warrant application statements about the certification were found to be true. McCoy cannot re-litigate either issue in this case.

McCoy cannot prevail on Count One as presented in the Complaint because the underlying Fourth Amendment issues relating to his dog-certification allegations have already been resolved against him, and not because the claim is *Heck*-barred. Therefore, his objection to the recommendation to dismiss the claim with prejudice is overruled.

McCoy does not specifically object to the R&R's other recommendations: to dismiss Count Two with prejudice because 18 U.S.C. § 1001 provides no private right of action; to dismiss Count Three without prejudice for lack of jurisdiction; to deny his application to proceed *in forma pauperis*; and to deny his motion to appoint counsel. Upon review, there is no clear error in the R&R's analysis of those issues.

**ORDER**

Based on the R&R of the Magistrate Judge, and on all the files, records, and

proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Gregory Lynn McCoy's Objections to the November 13, 2025 Report and Recommendation (Doc. No. 10) are **OVERRULED**.

2. The November 13, 2025 Report and Recommendation (Doc. No. 9) is **ACCEPTED**.

3. This matter is **DISMISSED** as follows:

   a. Counts One and Two of the Complaint (Doc. No. 1) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

   b. Count Three of the Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

4. McCoy's application to proceed *in forma pauperis* (Doc. No. 2) is **DENIED**.

5. McCoy's motion to appoint counsel (Doc. No. 4) is **DENIED**.

6. McCoy must pay the unpaid balance ($326.17) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court must provide notice of this requirement to the authorities at the institution where McCoy is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 28, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge